# Commonwealth ex rel. Baldrige v. Order of Brotherly Love.

*Thomas J. Baldrige*, Attorney-General, for plaintiff.

*Porter, Foulkrod & McCullagh* and *Graham C. Woodward*, for defendant.

WICKERSHAM, J., June 18, 1930.—The Attorney-General suggests that the Order of Brotherly Love is a corporation organized and existing under the laws of the State of New Jersey, incorporated on or about Nov. 4, 1926, and having its principal office at No. 104 Market Street, Camden, N. J. The said order is a corporation without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries and not for profit; it has a lodge system with ritualistic form of work and a representative form of government. That it has organized and is now maintaining and operating one lodge in the State of New Jersey and twelve lodges in the Commonwealth of Pennsylvania. That the said order was organized as a fraternal benefit society; has been since its incorporation and is now a fraternal benefit society operating as such in the State of New Jersey and in the Commonwealth of Pennsylvania, as. defined by the general act of assembly of the Commonwealth of Pennsylvania, approved May 20, 1921, P. L. 916, and within the meaning and subject to the provisions of said act. That the said order has not been incorporated in the Commonwealth of Pennsylvania and has not been licensed to do business in this Commonwealth in accordance with the provisions of said Act of 1921, or any other act or statute of this Commonwealth. That it is transacting business and operating in this Commonwealth unlawfully and in violation of the Act of 1921.

The Attorney-General suggests that a writ of *quo warranto* be issued by this court against the said Order of Brotherly Love to show by what authority it claims to have and use in this Commonwealth the powers, rights, privileges and franchises of a corporation, or any other powers, rights, privileges and

franchises, and why it should not be ousted from the use and exercise of any and all powers, rights, privileges and franchises of the Commonwealth of Pennsylvania. Upon presentation of the said suggestion, this court, on Oct. 4, 1927, allowed the "writ as prayed."

To the suggestion of the Attorney-General the defendant filed an answer, admitting the allegations in the first three paragraphs of the suggestion and a part of the fourth paragraph. The answer denies that the order is now exercising its charter powers, but has held the operation of said proposed benefit plan in suspension pending the approval of the same by the lawful authorities of the State of Pennsylvania. It also denies that the said order as at present operated is a fraternal benefit society as defined by the Act of 1921, or that it is within the meaning or subject to the provisions of said act. It admits, however, that it is the desire of the incorporators to conform the character of said order so as to bring the same within the provisions of said act as soon as the approval thereof can be obtained from the proper authorities of the State of Pennsylvania. It admits it is not incorporated in the Commonwealth of Pennsylvania, but denies that it is transacting any business in this Commonwealth in violation of the Act of 1921.

To the answer of the defendant the Commonwealth filed a replication.

It was agreed that trial by jury be dispensed with in this case, and that the same be submitted to the decision of the court, to be heard and determined under the provisions of the Act of 1874. Because of the illness of Deputy Attorney-General Paul C. Wagner and the substitution of Deputy Attorney-General Harold D. Saylor, the case was not heard by the court *in banc* until April 8, 1930.

On June 20, 1928, a stipulation of facts, so far as they may be relevant to a disposition of this controversy, signed by Deputy Attorney-General Wagner and by counsel for the defendant, was filed, from which stipulation we find the following

### Facts.

1. The Order of Brotherly Love, incorporated on Nov. 4, 1926, is a corporation organized and existing under an act of the State of New Jersey, entitled "An act to incorporate associations not for pecuniary profit." Its principal office is at No. 104 Market Street, Camden, N. J.

2. The said corporation consists of an executive body known as the Grand Council and certain local lodges. It was organized in February, 1927, and has maintained since that time and was maintaining at the time of the filing of the suggestion in the above entitled cause, and now is maintaining, one lodge in the State of New Jersey, and thirteen lodges in the Commonwealth of Pennsylvania, the names of which are set forth in the stipulation of facts.

3. The said corporation at the time of its organization in February, 1927, took over as local lodges of said corporation and has ever since maintained as lodges of said corporation seven lodges which were then in existence as local lodges of an unincorporated organization known as the Order of Brotherly Love, which unincorporated organization was started in September, 1925, although no local lodges were actually organized until January, 1926. The names of the lodges are given in the stipulation of facts.

4. The names of the officers of the corporation and reference to the constitution and by-laws thereof are set forth in paragraphs 4 and 5 of the stipulation.

5. No certificate of membership in said corporation has ever been authorized or issued and there are no membership certificates or benefit certificates either issued or outstanding. A proposed form of benefit certificate has been adopted

by the Grand Council for use, if and when it receives the approval of the Insurance Department of the Commonwealth of Pennsylvania. The entrance fees of any person seeking membership are fully set forth in paragraph 6 of the stipulation.

6. The local lodges issue books containing the by-laws of the local lodge and appropriate pages for the payment of the monthly dues.

7. No death benefits have ever been paid by the Grand Council or any other agency of the corporation, and by action of the Grand Council, ratified by the several camps, no member is entitled to the payment of death benefits until the plan of death benefits shall be declared in force by the Grand Council, after such plan receives the sanction of the Insurance Commissioner of the Commonwealth of Pennsylvania; after which it is intended that all death benefits shall be paid by the Grand Council out of the death benefit fund so created and maintained by it. The amount of death benefits to be paid is $450. The amount of the death benefit fund in the hands of the Grand Council at the time the suggestion was filed was approximately $2000.

8. The payment of any sick and disability benefits is optional with the local lodges.

9. The Grand Council meets twice a month. The last meeting was held at No. 2112 Dickinson Street, Philadelphia, Pa., on Jan. 15, 1928. The local lodges hold meetings each month. A convention meets annually, the last meeting having been held on or about Jan. 15, 1927.

10. On July 14, 1926, before the incorporation of said defendant, counsel for the society wrote the Insurance Commissioner advising him of the intended organization of a corporation to be known as Order of Brotherly Love. The defendant was informed that it could not be chartered under the laws of Pennsylvania, and thereafter was incorporated in New Jersey. In February, 1927, the defendant applied for registration under the insurance laws of Pennsylvania, which registration was refused by the Insurance Commissioner of this Commonwealth for reasons set forth in a letter from the Insurance Commissioner to the attorneys for said corporation, dated Nov. 10, 1927, a copy of which is attached to the stipulation of facts.

11. Said corporation has a ritualistic form of work and a representative form of government. The total number of members in the corporation is approximately one thousand.

12. The purposes of this order are: To accumulate a fund by means of initiation fees and periodical contributions paid by the members for the purpose of paying sick benefits, old age pensions and death benefits.

## Discussion.

In the answer to the suggestion of the Commonwealth the defendant denies "that said Order of Brotherly Love, as at present operated, is a fraternal benefit society as defined in the Act of General Assembly of the Commonwealth of Pennsylvania, approved May 20, 1921, P. L. 916, or is within the meaning or subject to the provisions of said act." This contention is inconsistent with and contradictory to the admitted facts contained in the stipulation, which, in the first paragraph, provides, inter alia:

"The Order of Brotherly Love is a corporation organized and existing under an act of the State of New Jersey, being chapter 181 of the Laws of 1898, approved April 21, 1898, and entitled 'An act to incorporate associations not for pecuniary profit,' and the various supplements and amendments thereto, . . . said corporation was incorporated on Nov. 4, 1926, a copy of the certifi-

cate of incorporation being attached hereto and made a part hereof, marked Exhibit B. . . ."

Referring to said certificate of incorporation, being Exhibit B of the stipulation of facts, the sixth paragraph thereof provides as follows:

"This corporation is a fraternal beneficiary association organized and to be carried on for the sole benefit of its members and their beneficiaries and not for profit, having a lodge system with a ritualistic form of work and a representative form of government and making provision for the payment of benefits in the case of sickness, disability or death of its members, subject to their compliance with the constitution and by-laws of the corporation."

It is further provided in paragraph two of the stipulation of facts that the said corporation consists of an executive body, known as the Grand Council, and seven local lodges; and that said corporation was organized in February, 1927. In the tenth paragraph of the stipulation of facts it is provided:

"The Grand Council meets twice a month. . . . The local lodges hold meetings each month. A convention meets annually. . . ."

In the thirteenth paragraph of the stipulation of facts it is provided said corporation has a ritualistic form of work and a representative form of government.

Article III, paragraph (a), of the constitution, being Exhibit C of the stipulation, provides:

"The purposes of this order are: To accumulate a fund by means of initiation fees and periodical contributions paid by the members for the purpose of paying sick benefits, old age pensions and death benefits."

And in article VI of the said constitution it is provided:

"This order shall be governed by a convention, held at such times and places as the by-laws shall prescribe, which shall be composed of representatives from the subordinate camps or local lodges chosen from time to time as shall be provided by the by-laws, and a Grand Council, which shall act during the intervals between the meetings of the convention. . . ."

In the by-laws of the defendant corporation, being Exhibit D of the stipulation of facts, article II, section 1, it is provided:

"The Grand Council shall be chosen by the Grand Master. There shall be not less than twelve nor more than fifteen Trustees or Grand Councillors. They shall hold office for the term of the Grand Master who appoints them and until their successors are chosen."

We do not find that the articles of the constitution and by-laws of defendant corporation, to which we have referred, are in any manner changed or altered by the proposed amendments to the by-laws which have been submitted to the Insurance Department of the Commonwealth of Pennsylvania for approval.

We are of the opinion that the articles of its incorporation and the articles and sections of the constitution and by-laws of the defendant corporation bring it within the definition of a fraternal benefit society as defined by the Act of May 20, 1921, P. L. 916, section 1 of which provides as follows:

"That any corporation, society, order, or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries and not for profit, having a lodge system with ritualistic form of work and a representative form of government, and which makes provisions for the payment of benefits in accordance with the provisions of this act, is hereby declared to be a fraternal benefit society.

"Any society having a supreme governing or legislative body and subordinate lodges or branches, by whatever name known, into which members shall be elected, initiated and admitted in accordance with its constitution, laws,

rules, regulations, and prescribing ritualistic ceremonies, and which shall provide in its said constitution and laws for regular or stated meetings of its subordinate lodges or branches, shall be deemed to be operating on the lodge system.

"Any such society shall be deemed to have a representative form of government when it shall provide, in its constitution and laws, for a supreme legislative or governing body composed of members elected either by the membership at large or by delegates elected, directly or indirectly, by the membership, together with such other members as may be prescribed by its constitution and laws."

We think there can be no question, therefore, that the allegations in the answer of the defendant corporation to the suggestion of the Attorney-General, to which we have referred and which we have just discussed, are not sustained by the stipulation of facts and exhibits attached thereto and made a part thereof. The defendant is, therefore, clearly a fraternal benefit society as defined in said Act of 1921.

It is denied in the answer that the defendant "is now exercising said charter powers." It is further contended that, "on the contrary, the said order has held the operation of said benefit plan in suspension pending the approval of the same by the lawful authorities of the State of Pennsylvania, having agreed to refund any contributions received for such purpose from its members in the event that the said beneficial plan shall not become operative." The defendant further denies that it is "transacting any business in the said Commonwealth in violation of the provisions of said Act of May 20, 1921, or any other act or statute of the Commonwealth," or that it is "transacting business and operating in said Commonwealth unlawfully and in violation of" said Act of 1921. We will proceed to examine these contentions.

It appears from the record that the suggestion for *quo warranto* on the part of the Commonwealth was filed Oct. 4, 1927, and the answer to the suggestion was filed by the defendant Oct. 24, 1927. It will be observed that the answer of the defendant states that it is not *now* violating any law of this Commonwealth. This allegation is not supported by the facts as stipulated.

The stipulation for trial without a jury and agreed statement of facts was filed June 20, 1928. In paragraph two of said stipulation it is agreed that the said corporation "consists of an executive body, known as the Grand Council, and seven local lodges. The said corporation was organized in February, 1927. It has maintained since that time, or since the respective dates of their organization (if subsequent thereto), and was maintaining at the time of the filing of the suggestion in the above entitled case, and is *now* maintaining, one lodge in the State of New Jersey and thirteen lodges in the Commonwealth of Pennsylvania." It must not be overlooked that the stipulation was filed some eight months after the answer, and in said stipulation it is agreed that the corporation "is *now* maintaining one lodge in the State of New Jersey and thirteen lodges in the Commonwealth of Pennsylvania." "Now" in the stipulation must be construed to mean at the time the stipulation of facts was signed and filed, which was, as we have stated, June 20, 1928.

In paragraph ten of the said stipulation of facts it appears that "the Grand Council meets twice a month. The last meeting was held at No. 2112 Dickinson Street, Philadelphia, Pa., on Jan. 15, 1928. The local lodges hold meetings each month." It thus appears that, some months after the suggestion and answer were filed in this case, the *Grand Council* was meeting once a month.

It further appears from the stipulation of facts that, prior to the filing of the suggestion by the Attorney-General in this case, the defendant was doing

business in Pennsylvania in violation of law. It organized and operated thirteen lodges in the State of Pennsylvania; it collected at least $2000 from its members; it functioned through officers of its Grand Council as well as through officers of its local lodges. It published by-laws and issued copies thereof to its members. It has not paid death benefits, but its local lodges may have paid sick and disability benefits.

It clearly appears, therefore, that the defendant has been doing business in this Commonwealth. That it has not paid benefits or exercised all of the powers which a fraternal benefit society of this nature might have performed in no way weakens the position of the Commonwealth that this society has transacted business within the confines of Pennsylvania in violation of law.

The defendant corporation was incorporated under the laws of New Jersey, and, so far as Pennsylvania is concerned, is a foreign corporation, and must abide by the laws of this Commonwealth, whether or not its members or a portion of them desire likewise to incorporate in this state. This is the only issue we are trying; any other issue suggested in the brief for the defendant corporation is not pertinent.

It does not appear that the defendant, being a corporation of the State of New Jersey, comes under the supervision of the Insurance Commissioner of that state; therefore, it cannot possibly be registered in the Commonwealth of Pennsylvania, as it cannot comply with section 17 of the Act of May 20, 1921, P. L. 916, as amended by the Act of April 22, 1927, P. L. 343, which provides as follows:

"No foreign society shall transact any business in this Commonwealth without a license from the Insurance Commissioner. Any such society may be licensed upon filing with the commissioner: . . .

"(d) A statement of its business, under oath of its president and secretary or corresponding officers, in the form required by the commissioner, and duly verified by an examination made by the *supervising insurance official of its home state* or other state, satisfactory to the Insurance Commissioner of this Commonwealth.

"(e) A certificate from the proper officer in its home state, province or country, that the society is legally organized."

As this society does not come under the supervision of the Insurance Commissioner of the State of New Jersey, it could not comply with either requirement (d) or (e) of the amended section 17 of the said Act of 1921.

We think the defendant corporation is illegally operating in the State of Pennsylvania, and, therefore, reach the following

### Conclusions of law.

1. The defendant corporation is a fraternal benefit society as defined by section 1 of the Act of May 20, 1921, P. L. 916.

2. The organization and maintenance of lodges in Pennsylvania by the defendant corporation was and is in violation of said Act of May 20, 1921, P. L. 916.

3. Holding meetings of the Grand Council and the convention of the defendant corporation was in violation of the laws of the Commonwealth of Pennsylvania.

4. Holding regular monthly meetings of the local lodges of the defendant corporation in the Commonwealth of Pennsylvania is in violation of the insurance laws of this Commonwealth.

5. The costs of these proceedings are to be paid by the defendant corporation.

*Judgment.*

We adjudge the defendant corporation guilty of usurping, intruding into and unlawfully holding or exercising the franchises, privileges and powers mentioned in the writ of *quo warranto* issued in this case. We, therefore, give judgment that such defendant be ousted and altogether excluded from such franchises, privileges and powers, and that the Commonwealth recover costs from the defendant.

From Homer L. Kreider, Harrisburg, Pa.